UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| RODNEY WRIGHT, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:20-cv-455-GMB |
| KILOLO KIJAKAZI,[1] Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

# MEMORANDUM OPINION

On February 7, 2017, Plaintiff Rodney Wright filed applications for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI"). His alleged disability onset date is January 22, 2017. Wright's application was denied at the initial administrative level. He then requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ held a hearing on April 2, 2019 and denied Wright's claims on May 6, 2019. Wright requested a review of the ALJ's decision by the Appeals Council, which declined review on February 6, 2020. As a result, the ALJ's decision became the final decision of the Commissioner of the Social Security Administration (the "Commissioner") as of

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

February 6, 2020.

Wright's case is now before the court for review pursuant to 42 U.S.C. § 1383(c)(3). Under 28 U.S.C. § 636(c)(1) and Rule 73 of the Federal Rules of Civil Procedure, the parties have consented to the full jurisdiction of a United States Magistrate Judge. Doc. 15. Based on a review of the parties' submissions, the relevant law, and the record as a whole, the decision of the Commissioner is due to be affirmed.

## I. STANDARD OF REVIEW[2]

The court reviews a Social Security appeal to determine whether the Commissioner's decision "is supported by substantial evidence and based upon proper legal standards." *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). The court will reverse the Commissioner's decision if it is convinced that the decision was not supported by substantial evidence or that the proper legal standards were not applied. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). The court "may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner," but rather "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*,

---

[2] In general, the legal standards are the same whether a claimant seeks DIB or SSI. However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to reference the appropriate parallel provision as context dictates. The same applies to citations for statutes or regulations found in excerpted court decisions.

84 F.3d 1397, 1400 (11th Cir. 1997) (citation and internal quotation marks omitted). "Even if the evidence preponderates against the Secretary's factual findings, [the court] must affirm if the decision reached is supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Moreover, reversal is not warranted even if the court itself would have reached a result contrary to that of the factfinder. *See Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

The substantial evidence standard is met "if a reasonable person would accept the evidence in the record as adequate to support the challenged conclusion." *Holladay v. Bowen*, 848 F.2d 1206, 1208 (11th Cir. 1988) (quoting *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983)). The requisite evidentiary showing has been described as "more than a scintilla, but less than a preponderance." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must scrutinize the entire record to determine the reasonableness of the decision reached and cannot "act as [an] automaton[] in reviewing the [Commissioner's] decision." *Hale v. Bowen*, 831 F.2d 1007, 1010 (11th Cir. 1987). Thus, the court must consider evidence both favorable and unfavorable to the Commissioner's decision. *Swindle v. Sullivan*, 914 F.2d 222, 225 (11th Cir. 1990).

The court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Grant v. Astrue*, 255

F. App'x 374, 375–76 (11th Cir. 2007) (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)). There is no presumption that the Commissioner's conclusions of law are valid. *Id.*

## II. STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must show the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 416(i). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Wright bears the burden of proving that he is disabled and is responsible for producing evidence sufficient to support his claim. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

A determination of disability under the Social Security Act requires a five-step analysis. 20 C.F.R. § 404.1520(a). The Commissioner must determine in sequence:

   (1) Is the claimant presently unable to engage in substantial gainful activity?
   (2) Are the claimant's impairments severe?
   (3) Do the claimant's impairments satisfy or medically equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?

(4) Is the claimant unable to perform his former occupation?
(5) Is the claimant unable to perform other work given his residual functional capacity, age, education, and work experience?

*See Frame v. Comm'r, Soc. Sec. Admin.*, 596 F. App'x 908, 910 (11th Cir. 2015). "An affirmative answer to any of the above questions leads either to the next question, or, [at] steps three and five, to a finding of disability. A negative answer to any question, other than at step three, leads to a determination of 'not disabled.'" *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986) (quoting 20 C.F.R. § 416.920(a)−(f)). "Once the finding is made that a claimant cannot return to prior work the burden of proof shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citing *Gibson v. Heckler*, 762 F.2d 1516 (11th Cir. 1985)).

### III.  RELEVANT FACTUAL BACKGROUND

Wright was born on March 3, 1970 and was 48 years old on the date of decision. R. 34 & 231. He alleges that he is unable to work due to epilepsy and neurosarcoidosis. R. 231–32, 265–73, 276–86 & 301–08. Wright graduated high school and has past work experience as a forklift driver, tractor-trailer driver, and material handler, among other jobs. R. 58–64.

The ALJ issued his decision on May 6, 2019. R. 45. Under step one of the five-step evaluation process, he found that Wright has not engaged in substantial gainful activity since January 22, 2017. R. 39. The ALJ concluded that Wright

suffers from the severe impairments of epilepsy and neurosarcoidosis.[3] R. 39–40. The ALJ noted that these medically determinable impairments cause significant limitations to his ability to perform basic work activities. R. 39. But the ALJ concluded at step three of the analysis that none of Wright's impairments satisfied or medically equaled the severity of one of those listed in the applicable regulations. R. 40–41.

Before proceeding to the fourth step, the ALJ determined that Wright had the residual functional capacity ("RFC") to perform a limited range of light work. R. 41. More specifically, the ALJ found that Wright had the following limitations with respect to light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b):

> frequent climbing of ramps/stairs; no climbing of ladders/ropes/scaffolds; frequent balancing, stooping, kneeling, crouching and crawling; he must avoid concentrated exposure to extreme temperatures, wetness, humidity, loud noises, vibrations, fumes, odors, dusts, gases, poor ventilation, and other pulmonary irritants; and he must avoid all exposure to bright or blinking lights, open flames, unprotected heights, large open bodies of weight [sic], and dangerous moving machinery; he must not be required to do any commercial driving as part of his work duties, and he must be allowed to alternately sit and stand every 40–45 minutes throughout the workday for the purpose of changing position, but without leaving the workstation.

R. 41. At the fourth step, the ALJ considered Wright's age, education, work experience, and RFC and determined that he was not capable of performing his past

---

[3] The ALJ found Wrights' other alleged impairments to be non-severe. R. 39–40. Wright does not challenge these findings.

relevant work. R. 43. However, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that he can perform, including work as a ticket seller and booth cashier. R. 44. Therefore, the ALJ concluded that Wright has not been under a disability as defined by the Social Security Act since January 22, 2017 through the date of the decision. R. 45. Based on these findings, the ALJ denied Wright's applications for DIB and SSI. R. 41.

## IV. DISCUSSION

Wright raises one argument in favor of remand: the Appeals Council erred in failing to review new, material, and chronologically relevant evidence. Doc. 16 at 22–25. Wright presented five pieces of new evidence to the Appeals Council: (1) treatment notes from First Care Medical Clinic from March 21, 2019 to April 21, 2019; (2) treatment notes from UAB Medicine dated May 21, 2018 to February 14, 2019; (3) a medical statement from Dr. Shruthi Agnihotri at UAB Medicine dated June 12, 2019; (4) June 20, 2019 treatment notes from First Care Medical Clinic; and (5) Patient Drug Interactions Monographs from Physicians Apothecary received May 15, 2019. R. 2, 8–13, 19–33 & 77–115. The Appeals Council found that the first two pieces of evidence did not show a reasonable probability of changing the outcome of the ALJ's decision and that the other records were chronologically irrelevant. R. 2.

At the outset, the court finds that Wright abandoned the vast majority of his

claims with respect to the new evidence presented to the Appeals Council. "[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). "[A]n appellant's brief must include an argument containing appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." *Singh v. U.S. Atty. Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009) (quotation marks omitted). A recent panel of the Eleventh Circuit, in an unpublished opinion, applied *Singh* in finding that the plaintiff abandoned an issue on appeal "because her initial brief simply mentions the issue without providing any supporting argument." *Sorter v. Soc. Sec. Admin., Comm'r*, 773 F. App'x 1070, 1073 (11th Cir. 2019) (citing *Singh*, 561 F.3d at 1278–79); *see also Bailey v. Soc. Sec. Admin., Comm'r*, 2019 WL 5787955, at *1 n.1 (11th Cir. Nov. 6, 2019) (declining to address one of the plaintiff's arguments because she raised it "'in a perfunctory manner without supporting arguments'") (quoting *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680–82 (11th Cir. 2014)); *Morgan v. Soc. Sec. Admin., Comm'r*, 2019 WL 1466259 (N.D. Ala. Apr. 3, 2019) (finding plaintiff abandoned her argument that the ALJ improperly considered her fibromyalgia when she identified no specific error with the ALJ's consideration of her condition and did not explain why she believed the ALJ's evaluation ran afoul of SSR 12-2p).

Other than summarizing the new evidence presented to the Appeals Council, Wright did not analyze the Appeals Council's purported error in his initial brief. *See* Doc. 16.  Instead, the brief recited general propositions of law regarding the standard of review and block quoted, summarized, or simply referenced cases in which various federal courts have remanded other cases for the Appeals Council's failure to consider new evidence. Doc. 16 at 23–25.  The brief thus did not provide any substantive analysis of the alleged error by the Appeals Council.  This sort of perfunctory argument gives neither the Commissioner nor the court any guidance abut Wright's argument aside from the fact that he asserts the existence of an error. For these reasons, the court finds that Wright has abandoned the vast majority of his claims. *See Singh*, 561 F.3d at 1278 ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue . . . ."); *Sapuppo*, 739 F.3d at 681 ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

Although Wright waived much of his argument, the court will consider the claim that the Appeals Council erred when it refused to consider the statement from his treating physician, Dr. Agnihotri. Doc. 18 at 5.  The letter dated June 12, 2019 states, in pertinent part, as follows:

> This is a note that Mr. Wright is a patient of mine and has been under my care since June 2018 when he was first identified to have neurosarcoidosis. He also suffers from seizures, hallucinations secondary to the neurosarcoidosis. We have not been able to attain control of his disease at this time. He has been restricted from driving due to his seizures. At this time, he is not able to be gainfully employed due to his neurologic condition.

R. 13.

"With a few exceptions, the claimant is allowed to present new evidence at each stage of this administrative process, including before the Appeals Council. The Appeals Council has the discretion not to review the ALJ's denial of benefits. But the Appeals Council must consider new, material, and chronologically relevant evidence that the claimant submits." *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015) (citations and quotations omitted). "[W]hether evidence meets the new, material, and chronologically relevant standard is a question of law subject to . . . de novo review." *Id*. at 1321 (quotation omitted). "[W]hen the Appeals Council erroneously refuses to consider evidence, it commits legal error and remand is appropriate." *Id*. at 1321.

New evidence is chronologically relevant if it "relates to the period on or before the date of the [ALJ] hearing decision." 20 C.F.R. § 404.970(b); *see also Keeton v. Dep't of Health & Human Servs*., 21 F.3d 1064, 1066 (11th Cir. 1994) (noting that the Appeals Council shall "evaluate the entire record including the new and material evidence submitted to it if it relates to the period on or before the date

of the [ALJ] hearing decision"). Even "medical opinions based on treatment occurring after the date of the ALJ's decision may be chronologically relevant." *Washington*, 806 F.3d at 1322.

Although Dr. Agnihotri's letter is dated after the ALJ's decision, he states that he has treated Wright since June 2018, which is well before the ALJ's decision. Based on the length of the relationship between Dr. Agnihotri and Wright and Dr. Agnihotri's reference to his prior diagnoses, the court finds that his letter is chronologically relevant. But this finding does not end the court's inquiry. The Appeals Council does not have to consider chronologically relevant evidence if it is immaterial, and evidence is material only if "a reasonable possibility exists that the evidence would change the administrative result." *Hargress v. Soc. Sec. Admin. Comm'r*, 883 F.3d 1302, 1309 (11th Cir. 2018). The court finds that Dr. Agnihotri's statement is immaterial for a number of reasons.

First, Dr. Agnihotri's opinion that Wright is unable to work is not a medical finding. Instead, the determination of whether an individual is disabled is reserved to the Commissioner and no special significance is given to an opinion on issues reserved to the Commissioner. "Section (d)(2) provides that although the Commissioner will consider opinions from medical sources on issues such as the RFC and the application of vocational factors, the final responsibility for deciding those issues is reserved to the Commissioner." *Pate v. Comm'r, Soc. Sec. Admin.*,

678 F. App'x 833, 834 (11th Cir. 2017). In other words, "the task of determining a claimant's . . . ability to work is within the province of the ALJ, not of doctors." *Robinson v. Astrue*, 365 F. App'x 993, 999 (11th Cir. 2010).

Second, Dr. Agnihotri did not explain his conclusion that Wright is not able to work. Although he blamed Wright's "neurologic condition," his condition essentially is his impairment, and the mere existence of an impairment does not establish a claimant's limitations or inability to work. And the ALJ considered Wright's impairments when assessing his RFC and included a number of limitations based on the medical record. Considering the ALJ's careful formulation of the RFC, the court finds that Dr. Agnihotri's conclusory pronouncement would not have changed the ALJ's conclusions. *See Harrison v. Comm'r of Soc. Sec.*, 569 F. App'x 874, 881 (11th Cir. 2014) (finding that the Appeals Council did not err in denying review when a doctor's answers to a questionnaire were "conclusory and do not explain in any detail the reasons for his opinions").

Finally, the statement contradicts Wright's medical records, including those from Dr. Agnihotri himself. The records establish that Wright's epilepsy and neurosarcoidosis improved over time and were generally well-controlled with medication, and that his seizure symptoms were controlled with only intermittent episodes reported. R. 505–06, 508–09, 730–33, 770–74 & 777–80. These medical records undermine Dr. Agnihotri's opinion that Wright is unable to work.

Accordingly, the Appeals Council did not err in its consideration of the new evidence Wright presented to it.

## V. CONCLUSION

For these reasons, the court concludes that the Commissioner's decision is supported by substantial evidence and based upon the proper legal standards. Therefore, the decision of the Commissioner is due to be affirmed. A final judgment will be entered separately.

DONE and ORDERED on September 22, 2021.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE